IMPERIAL ORDER OF MUSCOVITES, Appellant. v. SMITH
et al, Respondents.

(221 N. W. 262.)

(File No. 6480.   Opinion filed October 6, 1928.)

*Ellwood & Knight,* of Sioux Falls, for Appellant.
*Danforth & Barron,* of Sioux Falls, for Respondents.

BROWN, J.   Plaintiff, a fraternal order, had an open account with the First State Bank of Sioux Falls.   On October 24, 1925, it received notice that a member of the order had died in Spencer, Iowa, and a request that $1,000 due his beneficiary be transmitted

to her by wire at Spencer. Thereupon plaintiff's secretary made a deposit in First State Bank of more than sufficient, with what was in the account, to pay the $1,000, and instructed the bank to wire $1,000 at once to Ruth E. Grabin, the beneficiary, at Spencer, Iowa. The cashier took a debit slip and made the following entry: "Dr. $1,000.00 Imperial Order of Muscovites. Wire Ruth E. Grabin, Spencer, Iowa," and immediately sent this telegram to First National Bank of Spencer, Iowa: "Pay Ruth E. Grabin $1,000. Our draft follows," and called plaintiff's secretary and told him the bank he had wired to. On the same day, First State Bank drew and mailed a draft for $1,000 on its Chicago correspondent in favor of First National Bank of Spencer, Iowa. On Monday morning, October 26th, First State Bank was taken over by the superintendent of banks for the purpose of liquidation, and he stopped the payment of the draft. There was approximately $2,000 in the account of First State Bank in the Chicago bank at the time of the suspension of the First State Bank.

It is undisputed that there is but one method by which banks transmit money by wire. They wire a bank in the place where payment is to be made to pay that amount to the party named, and that their draft will follow. Plaintiff filed a claim for the $1,000 as a preferred claim, which was refused, and the amount allowed as a common claim against the bank, and plaintiff brought this action to have its claim allowed as a preferred claim. From a judgment dismissing the action on the merits, and an order denying a new trial, plaintiff appeals.

A number of errors are assigned on the admission of evidence, but as there is nothing in the abstract on which these assignments are founded, they cannot be considered.

The only question in the case is whether, on the facts stated, plaintiff is entitled to a preference. Appellant's contention is that its instruction to the cashier of the bank to wire the money immediately was, in effect, a withdrawal of $1,000 from its checking account and placing it with the bank as a special deposit to be transmitted to Ruth E. Grabin, and that the bank therefore held that sum in trust for that express purpose. In our opinion this contention cannot be sustained. There was no instruction to the bank to at once withdraw $1,000 from the open account, and there was nothing done by the bank that was the equivalent of withdraw-

ing that sum from the open account. It is true the cashier made a debit slip charging the bank with $1,000 to be wired to Ruth E. Grabin, but the only instruction given to the bank was to wire $1,000 at once to Ruth Grabin. It is, of course, known to every one that money, actual cash, cannot be transmitted by wire, and when one gives an instruction that an amount of money be wired to another, it must be presumed that this is to be done in the ordinary way in which funds are transmitted by wire. .

In its argument appellant says:

"We appreciate the fact that if plaintiff had gone to the bank and issued its check in payment of a draft and asked that the bank send a draft, * * * and if the draft had been sent either by the plaintiff or the bank to the beneficiary, and by reason of the failure of the bank before such draft could be paid in the usual course of business (the money was lost), plaintiff would come under the general rule of debtor and creditor and would have no right to preference in such case."

We think that is just, in effect, what occurred. Appellant directed the remittance by wire without further or more definite instructions. The bank promptly followed the usual course pursued in remitting by wire, and at once advised appellant of what it had done. It can hardly be supposed that appellant, when so informed, could have assumed that First State Bank was carrying an account in Spencer, Iowa. Bank accounts are usually carried in the larger cities, and when appellant was advised that First State Bank had wired First National Bank of Spencer, it should be presumed to know that the wire was a direction to the Spencer bank to pay $1,000 to Ruth E. Grabin, and that the Spencer bank would be reimbursed by a draft for the amount. Appellant says that had First State Bank wired its Chicago correspondent, that bank would have charged the $1,000 out of First State Bank's account at once, and this lawsuit would never have been here; but, as we have seen, that is not the usual course, and had appellant desired that course taken, it should have given specific instructions to that effect.

The judgment and order appealed from are affirmed.

POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., concurs in the result.

BURCH, P. J. (concurring specially). I concur in the result reached. What is known in the commercial world as "wiring money," I think, involves agency. In this case I do not think the money was sent by wire as requested, and consequently it was not withdrawn from the Sioux Falls bank. If the Spencer, Iowa, bank had complied with the wire and paid $1,000 to Mrs. Grabin, I think a very different question would be presented. As the Spencer bank did not accept the agency and act upon the authority conveyed by wire, the attempt to convey the money to Mrs. Grabin failed.